UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO LAURIA                                :

    Plaintiff,                          :        No. 18-CV-4456
                                             :
    v.                                  :
                                             :
                                             :
                                             :        Jury Demanded
MAJOR WORLD CHEVROLET, L.L.C.                :
and JOHN DOE                                 :
                                             :
    Defendants                          :


## Complaint

### I.    Introduction

1.    This is a suit brought by a consumer for violations of the Federal Odometer Act, 49 U.S.C. § 32701, *et seq.*, the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*, breach of the implied warranty of merchantability, breach of express warranty, NY Vehicle & Traffic Law § 417-a, NY Gen. Bus. Law § 349, and common law fraud and negligent misrepresentation.


### II.    Parties

2.    Plaintiff Angelo Lauria is a consumer and natural person residing in The Bronx, New York.

3.    Defendant Major World Chevrolet, L.L.C. ("Major World") is a New York Limited Liability Company located in Long Island City, New York.

1

4.      Defendant John Doe ("Doe", collectively "Defendants") is one or more unknown individuals or companies whose identity is unknown and is believed to be an employee of Major World, a vendor of Major World, another company associated with Major World, or a prior owner of the Vehicle.

### III.    Jurisdiction and Venue

5.      This Court has subject matter jurisdiction under 49 U.S.C. § 32710(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.      This Court has jurisdiction over the defendants, because they regularly transact business in this state and are in this state.

7.      Venue in this Court is proper because Plaintiff resides in this district.

### IV.    Factual Allegations

8.      On or about May 29, 2016, Plaintiff went to Major World's Long Island City, New York location.

9.      Plaintiff selected a 2015 Dodge Charger (the "Vehicle") to purchase for a cash price of $21,550.

10.     Plaintiff executed a purchase order.

11.     Plaintiff paid a $7,000 down payment and financed the remainder of the balance under a retail installment sales contract.

12.     Major World provided Plaintiff with a Retail Certificate of Sale stating that the odometer reading was 28,388 and the box on the form stating "I certify that, to the best of knowledge, this odometer reading reflects the 'ACTUAL MILEAGE' of vehicle described above" was checked.

2

13.     Plaintiff was provided with a certificate of title stating that the odometer read 28,554 and that reading was the actual mileage.

14.     The Retail Certificate of Sale also states that prior owner was "EAN Holdings LLC" ("EAN") of Tulsa, Oklahoma.

15.     Unbeknownst to Plaintiff, EAN is the holding company that owns Enterprise Rent-A-Car, and the Vehicle was a former fleet rental car.

16.     The Vehicle was disclosed to Plaintiff by Major World as "used", but Major World failed to disclose to Plaintiff that the Vehicle was a former rental car.

17.     Also unbeknownst to Plaintiff, the odometer reading of the Vehicle was not accurate, and the Vehicle had substantially more miles than 28,388 miles disclosed by Major World.

18.     Plaintiff discovered the odometer discrepancy in January 2018, when he obtained an AutoCheck vehicle history report and learned that the Vehicle had been purchased at auction on or about April 4, 2016 with 45,746 miles.

19.     Also unbeknownst to Plaintiff, the Vehicle had structural damage that was announced at the April 4, 2016 auction.

20.     Plaintiff learned of the structural damage in January 2018, because the auction announcement was reported by AutoCheck.

21.     Defendants knew that the mileage displayed on the odometer was not accurate, because the AutoCheck and CarFax both stated a higher mileage at the time the Vehicle was acquired at auction than when it was offered for sale and

because, on information and belief, Major World or Doe or both received disclosures showing higher mileage.

22.     On information and belief, Major or Doe or both rolled back or tampered with the odometer of the Vehicle after acquiring the Vehicle at auction or made repairs to the Vehicle that resulted in an alteration of the odometer reading.

23.     Major World did not disclose that the Vehicle had structural damage when it was sold to Plaintiff.

24.     Major World did not disclose that the Vehicle's true mileage was unknown when it was sold to Plaintiff despite knowledge to the contrary.

## V.    Causes of Action

## COUNT ONE – FEDERAL ODOMETER ACT (MAJOR WORLD AND JOHN DOE)

27.     Under 49 C.F.R. § 580.4(c), "in connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title."

28.     The mileage disclosed on the title falsely stated that the odometer reading of 28,554 represented the true mileage of the Vehicle.

29.     Major World violated the Odometer Act by making a false statement regarding the odometer reading with intent to defraud.

30.     Major World is liable to Plaintiff for triple its actual damages caused by the violation or $10,000, whichever is greater, plus attorney's fees.

31.     Alternatively, Doe violated the Odometer Act by making a false statement regarding the odometer reading with intent to defraud their assignee and any subsequent owners of the Vehicle

## COUNT TWO – FEDERAL ODOMETER ACT (MAJOR WORLD and JOHN DOE)

32.     Under 49 U.S.C. § 32703, a person may not "disconnect, reset, alter, or have disconnected, reset or altered, an odometer of a motor vehicle intended to change the mileage registered by the odometer."

33.     After Major World purchased the Vehicle at auction, its agent disconnected, reset or altered the odometer with the intent to change the mileage registered by the odometer.

34.     This conduct violated the Federal Odometer Act.

35.     Major World is liable to Plaintiff for triple its actual damages caused by the violation or $10,000, whichever is greater, plus attorney's fees.

36.     Doe is liable to Plaintiff for triple its actual damages caused by the violation or $10,000, whichever is greater, plus attorney's fees.

## COUNT THREE – VIOLATION OF NY VEHICLE & TRAFFIC LAW § 417-a (MAJOR WORLD)

37.     Under NY Vehicle & Traffic Law § 417-a, "Upon the sale or transfer of title by a dealer of any second-hand passenger motor vehicle, the dealer shall execute and deliver to the buyer an instrument in writing in a form prescribed by

the commissioner which shall set forth the nature of the principal prior use of such vehicle when the dealer knows or has reason to know that such use was as a taxicab, rental vehicle, police vehicle…"

38.     Major World failed to disclose to Plaintiff that the Vehicle was a former rental ventricle.

39.     Under § 417-a, Major World is liable to Plaintiff for three times actual damages or one hundred dollars, which ever is greater, plus reasonable attorney's fees.


## COUNT FOUR – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (MAJOR WORLD)

39.     This transaction was subject to the MMWA.

40.     A warranty that the Vehicle was in merchantable condition was implied by the contract by operation of Uniform Commercial Code Law ("UCC") § 2-314.

41.     Major World breached the implied warranty of merchantability, UCC § 2-314, because the Vehicle would not pass in trade without objection, was not fit for the purposes that motor vehicles are ordinarily used, or both.

42.     Specifically, Major World breached the implied warranty of merchantability because the Vehicle's odometer was tampered, the Vehicle's true mileage is unknown, because it had structural damage, and because it was a former rental.

43.    Major World is unable or unwilling to cure these breaches.

44.    Major World's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to the Plaintiffs' interests and the injury that they sustained.

45.    Major World is liable to Plaintiff for damages sustained for its breach.

46.    Major World is liable to Plaintiff for his damages, including common law punitive damages, and attorney fees and costs under MMWA.

## COUNT FIVE – BREACH OF EXPRESS WARRANTY (MAJOR WORLD)

47.    Major World's statements regarding the odometer's accuracy, the Vehicle's true mileage was 28,554 and that the Vehicle was not a former rental vehicle constituted express warranties under UCC § 2-313.

48.    Major World breached the express warranty because the Vehicle's odometer did not display the actual mileage of the Vehicle, the Vehicle's actual mileage significantly exceeds what was displayed on the odometer and the Vehicle was a former rental vehicle.

49.    Major World is liable to Plaintiff for his damages, including common law punitive damages.

7

COUNT SIX – VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

(MAJOR WORLD and DOE)

50.     Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

51.     GBL § 349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

52.     The actions and omissions of Defendants as hereinbefore and hereinafter described constitute violations of GBL § 349.

53.     Moreover, Defendants violated the specific provisions of N.Y. Gen. Bus. Law § 392-e, which prohibits using false statements or altering mileage-registering devices, acts considered so serious by the New York State Legislature as to be punishable as criminal acts and through large fines.

54.     Defendants' false representations constitute deceptive acts or practices in the conduct of business, trade or commerce in violation of GBL § 349.

55.     Defendants' deceptive acts and practices have a broad impact on the consuming public at large and are not private contract disputes, unique to the parties.

56.     Defendants' false representations were materially misleading and likely to mislead a reasonable consumer acting reasonably under the circumstances.

57.     Defendant committed the above-described acts willfully and/or knowingly.

58.     The above-described acts taken by Defendants were also egregious.

59.     Defendants' deceptive acts have caused injury and damage to Plaintiff and, unless enjoined, will cause further irreparable injury.

60.     As a direct and proximate result of Defendants' violation of GBL § 349, Plaintiff has suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual damages, civil penalties, punitive damages, and costs and attorney fees.

61.     Plaintiff claims all damages to which he is entitled arising from Major World's violations of GBL § 349.


## COUNT SEVEN – COMMON LAW FRAUD (MAJOR WORLD)

62.     Major World has acted fraudulently by its misrepresentations regarding the Vehicle's odometer and the vehicle's status as a former rental.

63.     Major World is liable to Plaintiff for his damage and for common law punitive damages.

## COUNT EIGHT – NEGLIGENT MISREPRESENTATION (MAJOR WORLD)

64.     Major World acted negligently by its misrepresentations regarding the Vehicle's odometer reading and status as a former rental vehicle.

65.     Major World is liable to Plaintiff for his damages.

9

**WHEREFORE,** Plaintiff claims damages, treble damages or $10,000, whichever is more, plus attorney's fees and costs under 15 U.S.C. § 32710; actual damages, consequential damages, and common law punitive damages for breach of warranty claims; treble damages under NY Vehicle & Traffic Law § 417-a; and attorney fees under MMWA, NY Vehicle & Traffic § 417-a, General Business Law § 349(h); and such other relief to which Plaintiff is, at law, or in equity and by statute.

## Demand for Jury Trial

Please take notice that Plaintiff demands trial by jury in this action.

Dated:          New York, New York
                May 18, 2018

                                        PLAINTIFF, ANGELO LAURIA


                                        /s/ Brian L. Bromberg
                                        Brian L. Bromberg
                                        Brian L. Bromberg, P.C.
                                        26 Broadway, 21st Floor
                                        New York, NY 10004
                                        Tel: (212) 248-7906
                                        Fax: (212) 248-7908
                                        Email: brian@bromberglawoffice.com


                                        Daniel S. Blinn
                                        Consumer Law Group, LLC
                                        35 Cold Spring Rd. Suite 512
                                        Rocky Hill, CT  06067
                                        Tel. (860) 571-0408
                                        Fax (860) 571-7457
                                        Email: dblinn@consumerlawgroup.com